IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-CV-00101-RLV
(5:05-CR-00235-RLV-8)

| | |
|---|---|
| EDWARD RYAN ISAAC CHANDLER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit.

## I.  BACKGROUND

On January 9, 2013, this Court dismissed Petitioner's motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255, after finding that it was untimely under the provisions of § 2255(f), and that relief was precluded by controlling law.

In the underlying criminal case, Petitioner entered into a written plea agreement with the Government and he was later convicted in 2006 on one count of conspiracy to possess with intent to distribute quantities of cocaine and cocaine base, in violation of 21 U.S.C. § 846. Petitioner was sentenced to 151-months' imprisonment. (5:05-CR-00235, Doc. No. 254: Judgment in a Criminal Case). Petitioner did not appeal from this judgment.

On July 12, 2012, Petitioner filed a pro se § 2255 motion arguing that he was entitled to be resentenced because a prior drug conviction, sustained in North Carolina state court, no longer qualified as a felony and therefore was improperly relied upon to support his sentencing

1

enhancement pursuant to 21 U.S.C. § 851. Petitioner relied on the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), in which the Court held that in order for a prior North Carolina state conviction to serve as a predicate felony under federal law, the individual defendant before the Court must have been subject to a sentence exceeding one year in prison under North Carolina's Structured Sentencing Act. In so holding, the Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Court held that in determining "whether a conviction is for a crime by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. (quoting Harp, 406 F.3d at 246).

In Petitioner's case, although his previous state drug conviction would not be considered a felony in the wake of the en banc decision in Simmons, Petitioner's state drug conviction was properly considered a felony under the controlling precedent in Harp which was firmly in place at the time he was sentenced. Accordingly, the state conviction was properly considered when determining whether an § 851 enhancement should apply.

Relying on the provisions of § 2255(f) — which prohibits a § 2255 motion from being filed more than one year from one of the four enumerated events — and the Fourth Circuit's decision in United States v. Powell, 691 F.3d 554, 560-61 (4th Cir. 2012), which interpreted the Supreme Court's decision in Carachuri-Rosendo v. Holder, 530 U.S. 563 (2010), and based on unpublished decisions from the Fourth Circuit, this Court found that the § 2255 motion was untimely and that relief was precluded by relevant case law. See, e.g., United States v. Wheeler, 487 F. App'x 103 (4th Cir. 2012) (unpublished) (noting "Wheeler's claim for retroactive

application of the Supreme Court's opinion in [Carachuri] and our opinion in [Simmons] fails in light our recent opinion in [Powell]); United States v. Walker, 486 F. App'x 372 (4th Cir. 2012) (unpublished) (noting Powell's holding that Carachuri is not retroactive to cases on collateral review). Based on the foregoing, the Court dismissed Petitioner's § 2255 motion. (5:12-CV-00101, Doc. No. 3). Petitioner filed a pro se notice of appeal to the Fourth Circuit and counsel entered a notice of appearance on his behalf.

On April 4, 2013, the Fourth Circuit entered an order holding the appeal in abeyance pending the outcome of the case of Miller v. United States, No. 13-6115 (4th Cir. filed Jan. 28, 2013), and the Supreme Court's decision in Alleyne, No. 11-9335, which was argued before the Court on January 14, 2013. (Id., Doc. No. 8). On August 21, 2013, the Fourth Circuit decided Miller and found that the holding in the en banc Simmons decision is retroactive to cases on collateral review. Miller v. United v. United States, 735 F.3d 141 (4th Cir. 2013).

In Miller, the Fourth Circuit considered a claim of actual innocence in a § 2255 proceeding following Miller's conviction for being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g). The grand jury in the Western District indicted Miller for the Section 922(g) offense after finding that he had been convicted of a felony in state court in North Carolina which was punishable by more than one year in prison under federal law. The record before the district court demonstrated that Miller had previous convictions in North Carolina for felony possession of cocaine and the felony offense of threatening a court officer. Petitioner was sentenced to a term of 6 to 8 months' imprisonment for each of those state convictions.

Miller did not appeal his § 922(g) conviction. Rather, some four years later he filed a Section 2255 motion contending that in light of the holding in Simmons he was actually innocent

3

because he did not have valid prior convictions for which he could have been sentenced to more than one year in prison. Consequently, as Miller argued, he had no prior felony which could have supported his § 922(g) conviction.[1] The district court denied collateral relief and Miller appealed.

In its opinion, the Miller Court noted that at the time Miller was sentenced, his prior state convictions were properly classified as felonies under then-existing precedent. Miller, 735 F.3d at 143-44 (citing Harp, 406 F.3d at 246). The Court then explained that the subsequent decision in Simmons had expressly overruled Harp in holding that whether a prior North Carolina conviction exposed a defendant to more than one year prison can only be determined by examining the criminal record of the individual defendant before the Court and not a hypothetical defendant with the worst possible criminal record. Id. at 143. The Court observed that Miller, who had not been convicted of an offense for which he could have been sentenced to in excess of one year, no longer had a predicate state conviction to support his § 922(g) conviction.

The Court next examined whether Miller was entitled to the retroactive application of the Court's en banc decision in Simmons. The Court found that "Simmons did announce a substantive rule when it applied Carachuri's principles and then narrowed the class of offenders and range of conduct that can be subject to punishment." Miller, 735 F.3d at 147. The Court then concluded that the substantive rule announced in Simmons is retroactive to cases on collateral review. Miller's § 922(g) conviction was therefore vacated and his case was remanded to the district court with directions that his § 2255 motion to vacate his conviction be granted.

---

[1] "What constitutes a conviction [of a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction where the proceedings were held." See Miller, 735 F.3d at 144-45 (quoting 18 U.S.C. § 921(a)(20)).

4

## II. DISCUSSION

In the present case, the Government was not ordered to respond in the district court prior to the Court's Order of dismissal. However, on remand the Government has filed a response and moves to dismiss Petitioner's § 2255 motion (1) based on the waiver provision, which is contained in Petitioner's plea agreement and (2) on the ground that Petitioner's § 2255 motion is untimely.[2]

In his criminal case, Petitioner was represented by counsel and he entered into a plea agreement in exchange for concessions made by the Government, including limiting the amount of cocaine base for which the parties agreed he should be responsible. Petitioner became eligible, although in no way entitled, to a possible order for a downward departure due to substantial assistance, pursuant to USSG § 5K1.1, and a possible reduction in offense level points for acceptance of responsibility and a timely plea.

In return for the Government's concessions, Petitioner agreed first, that he had discussed his statutory rights to directly appeal his conviction and/or sentence, or to bring a collateral attack on his conviction and/or sentence, and second, that he agreed to waive those rights except Petitioner expressly retained the right to bring a direct appeal, or collateral attack under § 2255 raising claims of ineffective assistance of counsel or prosecutorial misconduct. See [5:05-cr-235, Doc. No. 139: Plea Agreement ¶ 18].

As noted, the Government seeks to enforce the waiver of collateral attack provision in Petitioner's plea agreement. The first consideration is whether Petitioner's decision to enter into the plea agreement and thus waive his right to attack his sentence through a § 2255 proceeding

---

[2] The Court previously found that Petitioner's § 2255 motion was untimely on initial review. The Court incorporates the findings and conclusions of the Order of dismissal, filed January 9, 2013. (5:12-CV-00101, Doc. No. 3).

5

was both knowing and voluntary. A waiver of the right to collaterally attack a sentence under § 2255 will be enforced so long as "the waiver is valid and . . . the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) (holding that the "defendant may waive the right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). A review of the sentencing transcript and the Acceptance and Entry of Plea signed by Petitioner, under penalty of perjury following his Rule 11 colloquy, demonstrates that his decision to enter into the plea agreement and to plead guilty and waive his collateral rights was both knowing and voluntary.

The final question to resolve is whether Petitioner's challenge to his sentencing enhancement falls within the scope of his appeal waiver. The Court finds that it does. See, e.g., United States v. Jones, No. 12-7600 (4th Cir. filed Jan. 9, 2014) (unpublished) (citing United States v. Copeland, 707 F.3d 522, 528-30 (4th Cir. 2013), cert. denied, 134 S. Ct. 126 (2013)). In Jones, the Court considered an appeal in a § 2255 proceeding which raised a similar issue as in the present case. The Court rejected Jones' argument that he was entitled to relief from his sentencing enhancement, based on the en banc decision in Simmons, even though his prior felony convictions were no longer considered felonies. The Court found that Jones' plea agreement contained a specific waiver of collateral attack provision and that it was knowingly and voluntarily entered into, and that the attack on his sentence was well within the scope of the waiver. In the instant case, the Court finds that Petitioner's challenge to his sentence falls squarely within his waiver of the right to collaterally attack his sentence.

Finally, Petitioner's petition for a writ of error coram nobis must be denied as it appears

6

from the record that Petitioner is still in the custody of the Federal Bureau of Prisons. Relief pursuant to a writ of coram nobis should be limited to petitioners that are no longer in custody on their conviction. See, e.g., Carlisle v. United States, 517 U.S. 416, 428-29 (1996); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (setting forth four-part test for coram nobis relief, the first of which is the petitioner must no longer be in custody on the judgment in question). For the foregoing reasons, the petition will be denied.

## III. CONCLUSION

For the reasons stated herein, the Court finds that the Petitioner has waived his right to collaterally challenge his sentence, that is § 2255 motion is untimely, and that he is therefore entitled to no relief.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. (Doc. No. 1).

2. Petitioner's petition for a writ of error coram nobis is **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of

the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: January 14, 2014

*[signature: Richard L. Voorhees]*

Richard L. Voorhees
United States District Judge